**RESOLUTION TRUST CORPORATION**

v.

**INTERNATIONAL INSURANCE CO., et al.**

**Civ. A. No. 89–4020.**

United States District Court, E.D. Louisiana.

April 7, 1993.

Scott H. Crawford, Phillip W. Preis, Baton Rouge, LA, for Intern. Ins. Co., Inc. dba Crum and Forster.

Stephen Winthrop Rider, McGlinchey, Stafford, Lang, New Orleans, LA, for Peat, Marwick, Main & Co.

Gordon F. Wilson, Jr., New Orleans, LA, for Sec. Homestead Ass'n.

BEER, District Judge.

The court heard the Motion for Summary Judgment of KPMG Peat Marwick ("Peat Marwick") on March 31, 1993. For the following reasons, the motion is granted.

### I. Background

This is a suit by the Resolution Trust Corporation ("RTC") as receiver for Security Homestead Federal Savings Association ("New Security") against former officers and directors of Security Homestead ("Old Security") and their director and officer liability insurer, International Insurance Company ("International"), for the alleged negligence of the officers and directors in entering certain loans and extensions of credit. Subsequent to the filing of the principal suit, Inter-

national brought a third party claim against Peat Marwick, contending that if there were deficiencies in Old Security's review of the subject transactions, Peat Marwick breached a duty to Old Security by failing to note those deficiencies in its audit of Old Security for the end of the year 1983. Peat Marwick seeks summary judgment on the third party claim against them.

## II. *Law and Analysis*

■ Summary judgment is appropriate where the record discloses that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.Rule Civ.P. 56; *Celotex v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When the movant does not bear the burden of proof on a particular issue, summary judgment should be granted if the movant disproves "the existence of any essential element of the opposing party's claim". *Fontenot v. Upjohn,* 780 F.2d 1190, 1194 (5th Cir.1986). In order to meet this burden in this case, Peat Marwick "need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the nonmoving party's case." *Latimer v. Smithkline & French Laboratories,* 919 F.2d 301, 303 (5th Cir.1990).

■ Under Louisiana law, a plaintiff must establish that the alleged conduct of the defendant was a cause in fact of the resulting damage in order to be successful on a claim of negligence. *Lejeune v. Rayne Branch Hospital,* 556 So.2d 559, 566 (La.1990). In the context of International's claim against Peat Marwick, International must establish that in the absence of some breach of duty by Peat Marwick, Old Security would not have made one or more of the extensions of credit which are the subject of this suit. *Gantt v. Boone, Wellford, Clark, Langshmidt and Pemberton,* 559 F.Supp. 1219, 1229–30 (M.D.La.1983).

■ Peat Marwick contends that the causation element of plaintiff's claim cannot be proven. The undisputed facts in the record support this contention as it relates to the final audit report for 1983. The content of the report was neither presented to the

Board of Old Security nor reviewed by any of Old Security's officers until—at the earliest—May 3, 1984. By then Old Security made all the decisions and concluded all the paper work to go forward with the subject transactions. Old Security did not rely on the final audit report in making its decisions to commit funds to those transactions. Based on this inescapable conclusion, claims of negligence associated with the accumulation and reporting of information contained in the report of Peat Marwick could hardly be a cause of the alleged improprieties of Old Security.

International contends that material issues of fact exist as to whether Peat Marwick breached a duty *prior* to the issuance of its final report by not informing Old Security of possible deficiencies in the subject loans at the time Peat Marwick reviewed those loans late in 1983. International also contends that if there were deficiencies in the internal control procedures at Old Security, Peat Marwick breached their duty as auditor to make management aware of the deficiencies at some point during Peat Marwick's six years as Old Security's auditor.

There is nothing other than suggestion to support International's alternative claim that Peat Marwick was negligent with respect to the subject transactions, and nothing other than suggestion to support the contention that Old Security relied in some way on the work of Peat Marwick in reaching its decisions to commit to those transactions. For example, International suggests the following in their opposition memorandum:

> Whether the deficiencies alleged in the the [RTC's] Complaint are so severe that Peat Marwick should have discovered them and promptly informed the Board, and exactly when the discovery should have been made and the Board notified of the deficiencies are questions of fact to be determined by the jury.

Memorandum in Opposition to Motion for Summary Judgment of Peat Marwick at p. 6. International's repeated bare allegations that Peat Marwick is potentially liable in the event that the RTC prevails on the merits of its case are not the stuff of which valid opposition to summary judgment is made

under the Federal Rules. Fed.Rule Civ.P. 56(e), which applies to all summary judgment motions, provides that

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

International's assertion that the RTC's Complaint presents factual issues precluding summary judgment in favor of Peat Marwick is non-meritorious in light of the requirements of Rule 56. International has presented no specific facts to support its negligence claims against Peat Marwick. The time has passed when International can keep Peat Marwick in the suit merely by alleging that Peat Marwick is a party "who is or may be liable" in accordance with Fed.Rule Civ.P. 14(a). Peat Marwick has, I believe, carried its burden under *Latimore* to make a clear showing that no evidence is there to support the nonmoving party's case. Thus, summary judgment in favor of Peat Marwick is warranted.

### III. *Conclusion*

Peat Marwick's motion for summary judgment is GRANTED.

Counsel for Peat Marwick is requested to submit a judgment consistent with this minute entry, and approved by opposing counsel as to form.